```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,            :
                                     :    00-cr-216 (JSR)
         -v-                         :
                                     :    MEMORANDUM ORDER
Juan Lajara,                         :
                                     :
         Defendant.                  :
                                     :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

Between 1994 and 1998, Juan Jose Lajara was the leader of a wholesale cocaine and heroin distribution enterprise in Washington Heights. On April 5, 2001, Lajara pled guilty to a RICO charge based on two underlying racketeering acts connected to his drug trafficking operation. The first was the 1997 murder of James Kevin Davis, a customer Lajara directed to be killed because he suspected Davis had robbed and beaten one of Lajara's drug couriers. The second racketeering act was the kidnapping of "Frank," an individual who, on Lajara's orders, was tied up, threatened, and ultimately shot after he sold Lajara fake cocaine.

On June 25, 2001, the Court imposed a sentence of 240 months in prison followed by three years' supervised release. At sentencing, the Court noted that the Guidelines range applicable to Lajara would have been 324 to 405 months, but that the statutory maximum for the crime was 240 months. Two years of that sentence

1

were to run concurrently with another sentence that had previously been imposed by another court in this District.

That prior sentence related to one of two other federal cases involving Lajara. On November 15, 1999, Lajara was sentenced by a court in this District to 135 months' imprisonment, to be followed by 5 years' supervised release, after pleading guilty to conspiracy to distribute a controlled substance. Separately, on July 19, 2002, in the Eastern District of New York, Lajara was sentenced to 135 months' imprisonment for heroin trafficking, to run concurrent with his sentences in this District. Lajara has fully served the sentences from those two cases.

Lajara has served much of the sentence imposed by this Court and is scheduled for release on November 10, 2022. Now he moves pursuant to 18 U.S.C. § 3582(c)(1)(A) for immediate release or, in the alternative, to serve the remainder of his sentence in home confinement. ECF No. 133. Lajara's application is premised primarily on the risks posed by the pandemic given his underlying medical conditions. According to Lajara's motion, he sufferers from multiple conditions — including type 2 diabetes mellitus and obesity — that have been identified by the Centers for Disease Control and Prevention ("CDC") as causing, or likely to cause increased risk for severe coronavirus illness.[1] See ECF No. 114

---

[1] Centers for Disease Control and Prevention, Certain Medical Conditions and Risk for Severe Coronavirus Illness,

at 8. Lajara also cited conditions at the facility in which he is detained, the Metropolitan Detention Center in Brooklyn ("MDC Brooklyn"), which — although certainly impacted by the spread of COVID-19 — now appears to have effectively contained the virus. There is presently only one known inmate COVID-19 case at the facility and there have been no deaths other than the one last year noted by Lajara in his motion.²

Even with the improved situation at MDC Brooklyn, the seriousness of the risks Lajara faces in light of his health issues warrants appropriate consideration and concern. Nevertheless, the Court concludes, based on the severity of Lajara's crimes, that releasing him now — just over a year before he is scheduled to be released — would contravene the sentencing factors laid out in 18 U.S.C. § 3553(a).

The compassionate release statute, as modified by the First Step Act, provides that after certain administrative exhaustion requirements are met, and after considering the factors enumerated in 18 U.S.C. § 3553(a), "the court ... may reduce the term of imprisonment ... if it finds that — extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is

---

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

² BOP: COVID-19 Update, https://www.bop.gov/coronavirus/ (last accessed Sept. 13, 2021).

3

consistent with applicable policy statements issued by the Sentencing Commission."

I. <u>Administrative Exhaustion</u>

First, the Court considers the administrate exhaustion requirements, which here have been met. Lajara submitted a request for compassionate release to the Warden of the Metropolitan Detention Center on November 9, 2020, which the Warden denied on March 2, 2021. Lajara has not administratively appealed that denial, but he nevertheless has satisfied the exhaustion requirement because 30 days have elapsed since Lajara submitted his request to the Warden. <u>See</u> 18 U.S.C. § 3582(c)(1)(A).

II. <u>The § 3553(a) Sentencing Factors</u>

Next, the Court must weigh the factors listed in § 3553(a), the same factors the Court considers whenever imposing a sentence.[3] Here the most relevant factors relate to the crime itself: "the nature and circumstances of the offense" and "the need for the

---

[3] Because the statute says a court may grant compassionate release "<u>after</u> considering" the § 3553(a) factors if "extraordinary and compelling reasons warrant such a reduction," some courts have concluded that they should <u>first</u> weigh the § 3553(a) factors and only then determine whether there are extraordinary and compelling circumstances. <u>E.g.</u>, <u>United States v. Shakur</u>, No. 82 CR 312 (CSH), 2020 WL 6482875, at *8 (S.D.N.Y. Nov. 2, 2020) ("The First Step Act requires me to consider 'the factors set forth' in 18 U.S.C. § 3553(a) before the Court is in a position to find whether Shakur has shown that 'extraordinary and compelling reasons warrant' a reduction of sentence under § 3582(c)(1)(A)(i)."). That order of operations is appropriate in some cases, including this one, but this Court does not read the statute to compel it.

sentence imposed ... to reflect the seriousness of the offense [and] to promote respect for the law." 18 U.S.C. § 3553(a)(1)-(2). The Court's consideration of these factors is independent of any risk or hardship imposed by the pandemic.

Lajara orchestrated and facilitated a murder — even providing the murder weapon. He also ordered a violent kidnapping that the victim was fortunate to have survived. He committed those acts to support and maintain a wholesale heroin and cocaine trafficking organization that he led. These obviously are extremely serious offenses, fully justifying the twenty-year sentence that the Court imposed. Nothing about the nature of Lajara's culpability has changed in the intervening years.

Without denying the seriousness of his crimes, Lajara asks that he nonetheless be released or, in the alternative, be ordered to home confinement, arguing that "continued detention now poses his imminent danger of serious injury and death – a circumstances that the Court never considered when imposing its sentence." ECF No. 114 at 15 (quoting United States v. Pena, 2020 WL 2301199, at *4 (S.D.N.Y. May 8, 2020).

It is certainly true that the Court did not anticipate the coronavirus pandemic when imposing the sentence. But it is also true — as noted above — that MDC Brooklyn has now had a significant degree of success in containing the risk posed by COVID-19 – certainly due in no small part to vaccinations, which have been

5

made available within the facility. As such, it does not appear that the threat Lajara faces over the remaining year of his custodial sentence is sufficient to justify his immediately release on time served or release to home confinement.

III. Extraordinary and Compelling Reasons

Finally, a defendant must demonstrate "extraordinary and compelling reasons" supporting a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Given Lajara's medical conditions, the Government concedes that "the defendant has established extraordinary and compelling circumstances under the statute." ECF No. 118 at 6. However, in light of the factors discussed above the Court finds that these circumstances do not call for the relief Lajara seeks.

For these reasons, Lajara's motion for compassionate release is denied.

SO ORDERED.

Dated: New York, NY
September 18, 2021

JED S. RAKOFF, U.S.D.J.